**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXIS HESTER and SHEKINAH NGOUH on behalf of themselves and the Collective and Class,<br><br>Plaintiffs,<br><br>vs.<br><br>EASTWING FUND I HOLDING COMPANY LLC; EASTWING FUND I LP.; WINGSTOP RESTAURANTS, INC.; and WINGSTOP, INC.<br><br>Defendants, | Case No. 1:26-cv-2360 (MAD/PJE)<br><br>**CLASS, AND COLLECTIVE COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Alexis Hester and Shekinah Ngouh ("Plaintiffs"), on behalf of themselves and all other Class, and Collective members, alleges as follows:

## INTRODUCTION

1. Plaintiffs on behalf of themselves and other similarly situated individuals who have worked for Eastwing Fund I Holding Company LLC, Eastwing Fund I LP, Wingstop Restaurants Inc., and Wingstop, Inc. (Collectively "Defendants") as non-exempt, hourly employees at any time beginning six years before the filing of this complaint, or three years for collective members, until resolution of this action. Throughout the relevant time period of this action, Plaintiffs and similarly situated Class, and Collective members were denied payment for all hours worked, including overtime and regular wage compensation, for work performed while off-the-clock including, but not limited to, continuing to work after clocking out and working during meal periods.

2. Employers are not required to pay employees for meal periods if the employer can

satisfy its burden of demonstrating the employee received a *bona fide* meal period that primarily benefits the employee. However, Defendants do not provide bona fide meal periods for their non-exempt workers who are subject to (or expected to take) unpaid meal periods. Non-exempt employees who work for Defendants are required to remain available for work throughout their shifts. Plaintiffs, Class, and Collective members would often be precluded from taking bona fide meal periods, or be interrupted during a meal period, due to the large volume of customers and orders they were required to handle during their shifts. Instead of making these workers clock out for meal periods and then clock back in at the end of a meal period, Defendants assume the non-exempt employees were able to find a 30-minute block of time to enjoy a bona fide meal period. Defendants deduct thirty (30) minutes from non-exempt workers' shifts for a meal period, when in fact these employees remain on duty and are continuously subject to interruption during that time. When Plaintiffs, Class, and Collective members would request to have their time put back, management would reject their request.

3. Defendants instituted policies and practices that result in non-exempt workers to be subject to work throughout their shifts, even when they attempt to take their meal periods.

4. Defendants' policies and practices result in non-exempt workers being denied wages due under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and New York Labor Laws ("NYLL"). Under these policies and practices, non-exempt workers are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendants continue to require these non-exempt workers to remain on duty and subject to interruptions during meal periods. Moreover, Plaintiffs, Class, and Collective members are also required to clock out and continue working.

5. Defendants violate the FLSA and NYLL by knowingly and willfully permitting

Plaintiffs and Class, and Collective members to perform work and/or remain on-duty during their meal periods, subjecting them to interruptions whenever they attempt to take a meal period, and requiring them to continue to work after having clocked out of their scheduled shifts. Defendants have notice that Plaintiffs, Class, and Collective members expect to be paid for their work on an hourly basis. Defendants receive the value of Plaintiffs', Class, and Collective members' work performed while off-the-clock, including work performed after clocking out of their scheduled shifts and during their meal periods, and without compensating them for their services. Defendants willfully, deliberately, and voluntarily fail to pay Plaintiffs, Class, and Collective members for work performed.

6. Defendants' conduct violated and continues to violate the FLSA and NYLL because of the mandate that non-exempt employees, such as Plaintiffs, Class, and Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek.

7. Therefore, Plaintiffs file this action to recover on behalf of themselves, as well as Class, and Collective members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and NYLL, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiffs and Collective and Class members of their lawfully-earned wages.

## <u>JURISDICTION AND VENUE</u>

8. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over

Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this judicial district. Defendants are authorized to do business in this judicial district and are subject to personal jurisdiction here.

**PARTIES**

10. Plaintiff Alexis Hester is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of New York.

11. Plaintiff Shekinah Ngouh is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of New York.

12. Plaintiff Alexis Hester was employed by the Defendants as an hourly-paid Manager from approximately February 13, 2026, to May 27, 2026.

13. Plaintiff Shekinah Ngough was employed by the Defendants as an hourly-paid Shift Manager from approximately January 10, 2026, to August 7, 2026.

14. Plaintiffs worked for the Defendants in New Rochelle, New York.

15. Plaintiffs are informed, believe, and thereon allege that Eastwing Fund I Holding Company LLC is a Delaware limited liability company headquartered in Wilmington, Delaware. Eastwing Fund I Holding Company LLC does business in New York and employs and/or employed hourly, non-exempt employees, including Plaintiffs and Class, and Collective members. For example, it was the entity that issued Plaintiffs' paychecks. Eastwing Fund I Holding Company LLC may be served with process by serving its managers at 10 East 33rd Street 8th Floor, New York, New York 10016

16. Plaintiffs are informed, believe, and thereon allege that Wingstop, Inc. is a Delaware corporation headquartered in Dallas, Texas. Wingstop, Inc. is registered to do business

in New York, does business in New York and employs and/or employed hourly, non-exempt employees, including Plaintiffs, Class, and Collective members. Wingstop Inc. may be served with process by serving its registered agent in Texas, Corporation Service Company, 211 E. 7th St. Suite 620, Austin, Texas 78701.

17. Plaintiffs are informed, believe, and thereon allege that Eastwing Fund I LP is a Delaware limited partnership with a principal place of business in Greenwich, Connecticut. Eastwing Fund I LP does business in New York and employes and/or employed hourly, non-exempt employees, including Plaintiffs and Class, and Collective members. Eastwing Fund I LP may be served with process by serving its agents at 115 East Putnam Avenue, 2nd Floor, Greenwich, CT 06830.

18. Plaintiffs are informed, believe, and thereon allege that Wingstop Restaurants Inc. is a Texas corporation headquartered in Dallas, Texas. Wingstop Restaurants Inc. is registered to do business in New York, does business in New York and employs and/or employed hourly, non-exempt employees, including Plaintiffs, Class, and Collective members. Wingstop Restaurants Inc. may be served with process by serving its registered agent in New York, C/O Corporation Service Company, 80 State Street, Albany, New York 12207.

19. Plaintiffs are informed, believe, and thereon allege that Defendants employ and/or employed Plaintiffs, Class, and Collective members because Defendants, directly or indirectly, control the employment terms, including pay practices of Plaintiffs, Class, and Collective members.

20. Plaintiffs are informed, believes, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to Defendants, acting through their agents and/or employees, and/or under the direction and control of each of the other,

and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

21. Defendants set the firing and hiring criteria at locations under their control. Defendants advertise for open positions, including non-exempt hourly positions throughout the State of New York and across the United States.

22. At all times herein relevant, Defendants, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

23. Defendants exercise sufficient authority over the terms and conditions of Plaintiffs, Class, and Collective members' employment for them to be joint employers of Plaintiffs, Class, and Collective members.

24. Plaintiffs are informed, believe, and thereon allege that Defendants directly control the operations of their agents, managers, and employees throughout all of their job sites across the United States.

25. Plaintiffs are informed, believe, and thereon allege that Defendants in some manners intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and transactions alleged herein.

26. At all material times, each Defendant is an employer within the meaning of the FLSA under 29 U.S.C. § 203(d), and within the meaning of NYLL Article 6, § 190.

27. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

28. Plaintiffs, Class, and Collective Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL Article, § 190.

29. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendants have and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

30. Defendants act as employers of Plaintiffs and Class, and Collective members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiffs and similarly situated employees.

31. Here, Defendants have, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

32. In addition to Plaintiffs, Defendants have employed numerous other employees, who like Plaintiffs, are engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they provide goods across the country.

33. At all material times, Plaintiffs and Class, and Collective Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

34. Plaintiff Alexis Hester worked for Defendants as a Manager in New Rochelle, New York at a Wingstop restaurant. Plaintiff Hester worked from approximately February 13, 2026, to May 27, 2026. Plaintiff Hester was classified as a non-exempt employee and was paid a rate of approximately $19.00 per hour.

35. Plaintiff Shekinah Ngouh worked for Defendants as a Shift Manager in New Rochelle, New York at a Wingstop restaurant. Plaintiff Ngouh worked from approximately January 10, 2026, to August 7, 2026. Plaintiff Ngouh was classified as a non-exempt employee and was paid a rate of approximately $18.50 per hour.

36. Although the Plaintiffs' shifts varied in length, they usually worked approximately eight (8) hours or more per shift for approximately four (4) to five (5) days per week.

37. Defendants employ hundreds of hourly non-exempt workers throughout its facilities across the United States.

38. Class and Collective members were and are employed by Defendants and perform work materially similar to Plaintiffs.

39. Plaintiffs and Class, and Collective members report to locations owned, operated, or managed by Defendants to perform their jobs.

40. Plaintiffs and Class, and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

41. Plaintiffs and Class, and Collective members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

42. At the end of each pay period, Plaintiffs and Class, and Collective members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

43. Defendants pay Plaintiffs and Class, and Collective members on an hourly rate basis.

44. Plaintiffs worked more than forty hours in at least one workweek during the three

years before this Complaint was filed. On average, Plaintiffs work eight (8) hours each shift and work approximately four (4) to five (5) shifts per week. Thus, on average, Plaintiffs worked approximately 32 to 40 hours per week, not including work performed off the clock for Defendants' benefit.

45. Each Class, and Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

46. Plaintiffs, Class, and Collective members are subject to Defendants' timekeeping, pay, meal break, and overtime policies and practices. These policies include Defendants' payroll policy and practice, which does not compensate hourly-paid workers for work performed during meal periods.

47. Defendants routinely require Plaintiffs, Class, and Collective members to work through their meal periods due to the workload. The volume of customers and orders that Plaintiffs, Class, and Collective members are expected to handle on a daily basis during their shifts is such that it prevents them from taking a bona fide meal period. Notwithstanding, Defendants routinely deduct thirty (30) minutes from Plaintiffs', Class, and Collective members' daily timecard for a meal period that is oftentimes not taken. When Plaintiffs, Class, and Collective members request to have that time put back because they did not take a bona fide meal break, their requests are often rejected and Plaintiffs, Class, and Collective members are not paid for that time that was spent working for Defendants' benefit.

48. When Plaintiffs, Class, and Collective members can take their off-duty meal periods, they are also frequently interrupted to continue assisting customers and/or handle other work-related matters. This results in Plaintiffs, Class, and Collective members working for the benefit of Defendants while off-the-clock during their meal breaks

49. Moreover, Plaintiffs, Class, and Collective members are also regularly required by Defendants to clock out at the end of their shift, but to continue working for approximately thirty (30) minutes to one (1) hour after clocking out. This time spent working off-the-clock is not compensated by Defendants.

50. Ultimately, Defendants do not compensate Plaintiffs, Class, and Collective members for this time worked by employees for Defendants' benefit.

51. Defendants also have a policy and practice of scheduling Plaintiffs and Class members to work, but sending them home before completing the scheduled shift without providing call-in pay to Plaintiffs and Class members.

52. Defendants' failure to include time worked during meal periods, or time worked after clocking out, in the total hours worked in a given work week resulted in their failure to pay Plaintiffs, Class, and Collective members one and one-half times their regular hourly rate for all hours over forty. This unpaid time is compensable under the FLSA and NYLL at the applicable overtime rate because (1) Plaintiffs, Class, and Collective members work at least forty (40) hours per week; (2) Plaintiffs, Class, and Collective members work for Defendants during meal periods; (3) Defendants do not count this work during meal periods or after clocking out for the day in the total hours worked per week; thus (4) resulting in uncompensated overtime work.

53. Defendants have employed hundreds of people similarly situated to Plaintiffs during the three-year period prior to the filing of this Complaint.

54. Defendants have employed hundreds of people similarly situated to Plaintiffs during the six-year period prior to the filing of this Complaint.

55. Defendants' method of paying Plaintiffs and Collective members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying

wages complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

56. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> **All current and former non-exempt employees who worked at least one full-time work week for Defendants throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective.")**

57. Defendants have not compensated these employees for off-the-clock work, including for work performed during unpaid meal breaks, as described above.

58. Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

59. Plaintiffs have actual knowledge that Collective members were denied overtime pay for the work alleged herein and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

60. Plaintiffs are similarly situated to Collective members. Like Plaintiffs, Defendants subjected Collective members to their common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

61. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

62. Although Defendants permitted and/or required Collective members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) for meal breaks that were either missed or interrupted due to work demands, and which were automatically deducted from Plaintiffs' and Collective members' timecards. Defendants have also denied them full compensation for their hours worked over forty (40) hours after clocking out of their scheduled shifts.

63. Collective members perform or have performed the same or similar work as Plaintiffs.

64. Collective members regularly work or have worked in excess of forty (40) hours during a workweek.

65. Collective members are not exempt from receiving overtime compensation under the FLSA.

66. Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

67. Although Plaintiffs and Collective members may have different job titles and/or work in different facilities, this action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a. Defendants maintained common scheduling systems and policies with respect to the Plaintiffs and Collective members, controlled the scheduling systems and policies implemented throughout the facilities and retained authority to review and revise or approve schedules assigned to Plaintiffs and Collective members;

b. Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and Collective members;

c. Defendants maintained common payroll systems and policies with respect to Plaintiffs and Collective members, controlled the payroll systems and policies applied to Plaintiffs and Collective members, and set the pay rates assigned to Plaintiffs and Collective members; and

d. Defendants controlled the meal break work policies and practices at issue in this litigation and had the ability to deprive Plaintiffs and Collective members of wages owed for work they performed.

68. The specific job titles or precise job responsibilities of each Collective member do not prevent collective treatment.

69. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek for interrupted, on-duty, or missed meal breaks, and for work performed after clocking out of their scheduled shifts.

70. Although the exact amount of damages may vary among Collective members, the damages for Collective members can easily be calculated, summed, and allocated based on a simple formula.

71. Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees.

72. Plaintiffs Alexis Hester and Shekinah Ngouh are representatives of the members of the Collective and are acting on behalf of the Collective's interests as well as their own

interests in bringing this action.

73. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

74. The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

75. Plaintiffs contemplate providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## RULE 23 CLASS ACTION ALLEGATIONS

76. Plaintiffs bring this cause of action as a class action on behalf of themselves and all other similarly situated individuals pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The New York Class that Plaintiffs seek to represent is defined as follows:

> **All current and former non-exempt employees of Defendants throughout the State of New York at any point during the time period from six (6) years prior to the filing of this Complaint until resolution of this action.**

77. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

78. Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiffs are informed and believe that the number of New York Class members exceeds two-hundred (200). This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New York Class and Defendants.

79. Commonality: There are questions of law and fact common to Plaintiffs and the New York Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

a. Whether Defendants had a policy and practice of requiring its workers to remain on duty during meal breaks by subjecting them to interruptions;

b. Whether Defendants directed, required, requested, and/or permitted Plaintiffs and New York Class members to work during meal periods;

c. Whether Defendants knew or should have known that Plaintiffs and New York Class members were not compensated for work performed during meal periods;

d. Whether Defendants derived a benefit from its employees being required to

handle workload demands during their meal periods pursuant to Defendants' policies;

e. Whether Defendants have implemented policies and or practices of an unfair auto-deduction timekeeping policy.

80. Typicality: Plaintiffs' claims are typical of the claims of the New York Class because Plaintiffs' claims arise from the same course of conduct and legal theories as the claims of the New York Class members. Like the Class members, Plaintiffs worked as non-exempt employees for Defendants during the relevant time period. Like the Class members, Plaintiffs were subject to the identical company-wide policy requiring employees to remain on duty during meal periods and were subject to interruptions during those times. Like the New York Class members, Plaintiffs were subject to the same company timekeeping and payroll policies requiring Defendants' employees to continue working even during unpaid meal periods and after clocking out of their shifts. Like the New York Class members, Plaintiffs were subject to Defendants' timekeeping policies with respect to auto-deducting thirty (30) minutes from employees' recorded time. The other facts outlined above likewise apply equally to both the Plaintiffs and New York Class members.

81. Adequacy of Representation: Plaintiffs seek relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiffs do not have a conflict of interest with other New York Class members and will prosecute the case vigorously on behalf of the New York Class. Counsel representing Plaintiffs is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class members.

82. Superiority of Class Action: A class action is superior to other available means for

the fair and efficient adjudication of this controversy. Individual joinder of all proposed New York Class Members is not practicable, and questions of law and fact common to the New York Class predominate over any questions affecting only individual members of the New York Class. Each proposed New York Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

83. In the alternative, the New York Class may be certified because the prosecution of separate actions by the individual members of the New York Class would create a risk of inconsistent or varying adjudication with respect to individual members of the New York Class which would establish incompatible standards of conduct for Defendants.

84. If each individual New York Class members was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

85. Requiring each individual New York Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the New York Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(Plaintiffs and on Behalf of the Collective)**

86. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

87. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

88. At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

89. Defendants are covered employers required to comply with the FLSA's mandates.

90. Defendants have violated the FLSA with respect to Plaintiffs and the Collective, by, *inter alia*, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. See 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants also violated the FLSA by failing to keep required accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

91. Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

92. Plaintiffs and the Collective are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

93. Defendants act neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to

the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

94. As a result of the aforesaid violations of the FLSA's provisions, pay, including overtime compensation, has been unlawfully withheld by Defendants from Plaintiffs and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

95. Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to NYLL § 190, *et seq***
**(Plaintiffs and on Behalf of the Class)**

96. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

97. The NYLL and NYCRR require each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

98. This cause of action arises from Defendants' violation of NYLL §§ 190 *et seq.* and 650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiffs and the New York Class members all of their overtime pay for the time worked in excess of forty (40) hours in individual workweeks. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiffs and the New York Class members are entitled to receive one-and-one-half (1.5) times their regular rates of pay.

99. Defendants violate NYLL §§ 190 *et seq.* and 650 *et seq.* by failing to compensate Plaintiffs and New York Class members for work performed during un-recorded periods of time, including but not limited to work performed during unpaid breaks and after clocking out of their

shifts, consistent with the overtime provisions.

100. Plaintiffs and New York Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

101. Defendants cannot satisfy their burden of proof to demonstrate Plaintiffs and New York Class members received a bona fide meal period for every thirty (30) minutes deducted from their wages automatically.

102. Defendants violated and continue to violate the NYLL when they fail to pay Plaintiffs and New York Class members overtime, which is mandated by NYLL § 659 and 12 NYCRR § 146-1.4. As a direct and proximate result of these violations, Plaintiffs and New York Class members have suffered a loss of wages.

103. Because Defendants cannot demonstrate a good faith basis as to their belief that their underpayment of wages was in compliance with the law, Plaintiffs and New York Class members are also due an additional equal amount as liquidated damages pursuant to NYLL § 663(1).

104. Plaintiffs and New York Class members are further entitled to reasonable attorneys' fees and cost of the action in addition to any judgment awarded.

**THIRD CAUSE OF ACTION**
**Failure to Pay Call-in Pay**
**Pursuant to NYLL § 650, *et seq***
**(Plaintiffs and on Behalf of the Class)**

105. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

106. This cause of action arises from Defendants' violation of NYLL § 650 *et seq.* and

12 NYCRR § 146-1.5 (and any supporting regulations), for their failure to pay Plaintiffs and the New York Class members call-in pay for shifts lasting less than 3 hours in duration.

107. Plaintiffs and New York Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of call-in pay owed for work they performed and from which Defendants derived a direct and substantial benefit.

108. Defendants cannot satisfy their burden of proof to demonstrate Plaintiffs and New York Class members received call-in pay for shifts lasting less than 3 hours in duration.

109. Defendants violated and continue to violate the NYLL when they fail to pay Plaintiffs and New York Class members call-in pay, which is mandated by NYLL § 650 and 12 NYCRR § 146-1.5. As a direct and proximate result of these violations, Plaintiffs and New York Class members have suffered a loss of wages.

110. Because Defendants cannot demonstrate a good faith basis as to their belief that their underpayment of wages was in compliance with the law, Plaintiffs and New York Class members are also due an additional equal amount as liquidated damages pursuant to NYLL § 663(1).

111. Plaintiffs and New York Class members are further entitled to reasonable attorneys' fees and cost of the action in addition to any judgment awarded.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to NYLL §§ 195, 198, and 199**
**(Plaintiffs and on Behalf of the Class)**

112. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

113. With each payment of wages, Defendants fail to provide Plaintiffs and Class

members with an accurate statement listing each of the following categories of information:

a. The dates of work covered by that payment of wages;

b. Name of employee;

c. Name of employer;

d. Address and phone number of employer;

e. Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week. Salary, piece, commission, or other;

f. Gross wages;

g. Deductions;

h. Allowances, if any, claimed as part of the minimum wage;

i. Net wages;

j. The regular hourly rate or rates of pay;

k. The overtime rate or rates of pay;

l. The number of regular hours worked; and

m. The number of overtime hours worked.

114. Throughout the relevant time period, Defendants knowingly, intentionally, and willfully have failed to furnish accurate and complete wage statements showing the accurate amounts of gross wages, net wages, and number of regular hours and overtime hours worked.

115. As a result, Defendants are liable to Plaintiffs and Class members in the amount of five thousand dollars ($5,000) each, together with attorneys' fees and costs.

116. Plaintiffs and New York Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of accurate and complete wage statements from which Defendants derived a direct and substantial benefit.

117. Defendants violated and continue to violate the NYLL when they fail to furnish accurate and complete wage statements to their employees.

## RELIEF SOUGHT

118. Plaintiffs and Collective members are entitled to recover their unpaid overtime wage compensation pursuant to the FLSA.

119. Plaintiffs and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

120. Plaintiffs and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

121. Plaintiffs and Collective members are entitled to declaratory relief stating Defendants' policies and practices as described herein are unlawful and in violation of the FLSA.

122. Plaintiffs and New York Class members are entitled to recover their unpaid overtime wage compensation pursuant to the NYLL and its implementing regulations.

123. Plaintiffs and New York Class members are also entitled to an amount equal to all of their unpaid wages due under the NYLL as liquidated damages. NYLL§§ 198 and 663.

124. Plaintiffs and New York Class members are entitled to recover attorneys' fees and costs, pre-judgment and post-judgment interests as required by NYLL §§ 198 and 663(4), and any such other relief the Court deems fair and equitable.

125. Plaintiffs and New York Class members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

## JURY DEMAND

126. Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs were entitled to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Class, and Collective members pray for relief as follows:

a) An order preventing Defendants from retaliating in any way against Plaintiffs and any putative Collective or New York Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

i. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

ii. An order finding Defendants violated the FLSA willfully;

iii. All unpaid wages due under the FLSA;

iv. An equal amount as liquidated damages as allowed under the FLSA;

v. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

vi. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

vii. An order finding that Defendants violated NYLL;

viii. An order finding that Defendants violated NYLL willfully;

b) A declaration of Plaintiffs' legal rights with respect to NYLL § 162;

ix. All unpaid overtime wages due under NYLL to the extent same does not duplicate regular wages due under the FLSA;

x. All unpaid spread of hours compensation due under NYLL;

xi. Disgorgement of Defendants' ill-gotten gains as described herein;

xii. All damages due under NYLL for failure to furnish accurate and complete

wage statements;

xiii. All attorneys' fees, costs and disbursements as provided by NYLL;

xiv. Pre- and post-judgment interest as provided by New York law; and

c) Such other and further relief to which Plaintiffs, Class, and Collective members may be entitled at law or in equity.

Dated: November 16, 2026

Respectfully Submitted,

*/s/ James B. Jackson*
James B. Jackson, Bar No. 708157
Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@scehneiderwallace.com
rmorelli@schneiderwallace.com
jjackson@schneiderwallace.com

*Attorneys for Plaintiff, Class, and Collective*
**Admission pro hac vice anticipated*